999 So.2d 731 (2009)
Noah BREAKSTONE, Appellant,
v.
BREAKSTONE HOMES, INC. and BHI Developers, LLC., Appellees.
No. 3D08-1605.
District Court of Appeal of Florida, Third District.
January 7, 2009.
Coffey Burlington and Jeffrey B. Crockett, for appellant.
*732 Ross & Girten and Lauri Waldman Ross and Theresa L. Girten, Miami; Freidin & Dobrinsky and Manuel L. Dobrinsky, Miami; Michael Olin, Miami, for appellees.
Before COPE, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Noah Breakstone appeals a circuit court order denying his motion to compel the arbitration of his dispute with Breakstone Homes, Inc.[1] Because Breakstone, Breakstone Homes, and the other shareholders of Breakstone Homes were parties to an extensive agreement providing broadly for the arbitration of controversies and claims among themselves, we reverse the order and remand so that Breakstone's motion to compel can be granted.

The Agreement
Breakstone Homes and its shareholders entered into an "Amended and Restated Shareholders' Agreement" dated as of September 1, 2005. Although the second introductory recital described an intention that the "Shareholders" wished to "define their respective rights and obligations as holders of equity in the Company,"[2] section 7.5 of the Agreement specified that "[a]ny controversy or claim arising out of or relating to this Agreement or a breach hereof shall be finally settled by arbitration...." (Emphasis provided).
The Agreement specifically acknowledged that there were two groups of shareholders of Breakstone Homes,[3] and section 3.3 contained a typical buy/sell mechanism[4] allowing the groups to part ways for any reason whatsoever. Article V, "Directors and Management," anticipated the possibility that a director (and Breakstone was a director) "directly or indirectly engages or attempts to engage in competition with [Breakstone Homes]," and empowered the other two directors to remove the competing director should that occur.

An "Arbitrable Issue" Under Seifert
The interpretive question in this case arises because the dispute between Breakstone Homes and Breakstone (Count X of the Breakstone Homes complaint in circuit court, and Count IX of the amended complaint) alleged that Breakstone had breached his fiduciary duties as a corporate director of Breakstone Homes. Relying on Seifert v. U.S. Home Corp., 750 So.2d 633, 640 (Fla.1999), Breakstone Homes argues that this is a tort claim "unrelated to the rights and obligations of the contract" and is therefore not an arbitrable issue. We disagree.
The complaint alleges that Breakstone usurped corporate opportunities and solicited Breakstone Homes' investment banker and other personnel to work for Breakstone's personal competing interests. The record further discloses that the complaint was filed only days after Breakstone sent a triggering buy/sell notice to the "Majority Group" shareholders in accordance with the Agreement.
*733 The statutory breach of fiduciary duty claim in the Breakstone Homes complaint is related to the rights set forth in section 5.1(b) of the Agreement. That provision arguably anticipates that a director might engage in a competing enterprise, and in that event provides a remedy. Section 3.3 of the Agreement, the buy/sell provision, is also related to the Breakstone Homes claim against Breakstone. The Majority Group shareholders have asserted, in a separate lawsuit included as part of the circuit court record, that Breakstone's alleged breaches of fiduciary duty estop him from exercising his rights under section 3.3. And if Breakstone Homes were to recover damages from Breakstone for breach of fiduciary duties, this corporate asset would affect each parties' assessment of (a) price per share and (b) whether to buy or sell under that section.
In short, the Breakstone Homes claims are significantly related to the rights and obligations in the Agreement, distinguishing this case from the analysis and result in Seifert. See also Burke v. Windjammer Barefoot Cruises, 972 So.2d 1108, 1112 (Fla. 3d DCA 2008).
For these reasons, we reverse the order below and remand the case below for the entry of an order compelling Breakstone Homes to arbitrate the claims against Breakstone.
NOTES
[1] Breakstone has withdrawn a similar claim regarding the arbitrability of his dispute with another entity, BHI Developers, LLC.
[2] This recital does not, however, limit the scope or purpose of the Agreement as to Breakstone Homes itself.
[3] These were referred to in section 3.3 of the Agreement as the "Majority Group" and the "Breakstone Group." The latter was, in turn, defined in article I of the Agreement to mean the appellant individually.
[4] Such provisions are essentially equivalent to the device used by children to split a candy barone child picks the point at which to break the candy, and the other picks which portion to take. In this buy/sell provision, one group names the price, and the other has to elect whether to buy or sell at that price.